

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| FRANCENE G. LORENZ,<br><br>Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | CV 13-280-M-DWM-JCL<br><br>ORDER |

## INTRODUCTION

Magistrate Judge Jeremiah C. Lynch issued Findings and Recommendations on December 9, 2014, in which he recommended the Court deny summary judgment for Plaintiff Francene G. Lorenz ("Lorenz"). (Docs. 22, 23.) Lorenz objected to the Findings and Recommendations on February 17, 2015, asserting one point of error. (Doc. 25.) Defendant Carolyn W. Colvin, Acting Commissioner of Social Security (the "Commissioner") filed a response on March 3, 2015. (Doc. 26.) The Court adopts Judge Lynch's Findings and Recommendations in full.

1

## STANDARD

On dispositive motions, the parties are entitled to *de novo* review of the specified findings or recommendations to which they object. 28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Under a *de novo* review, a district court will uphold the Social Security Administration's disability determination unless it is based on legal error or is not supported by substantial evidence. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). "This is a highly deferential standard of review." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Ryan*, 528 F.3d at 1198. It is "more than a mere scintilla but less than a preponderance." *Id.*

Where there are no objections to findings or recommendations, the court is to give the level of consideration it deems appropriate. *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions under a *de novo* or any other standard, when neither party objects to those findings."). This Court reviews findings and recommendations under a clear error standard when neither party objects. A finding or recommendation will be upheld under this standard unless

the Court is left with "a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pens. Trust for S. Cal.*, 508 U.S. 602, 622 (1993).

## I. Lorenz's credibility and Lay Testimony

Judge Lynch found that the ALJ provided clear and convincing reasons for discrediting Lorenz's testimony. (Doc. 22 at 12–13.) Judge Lynch also found that the ALJ provided a germane reason for discrediting Lorenz's husband's lay witness testimony. (*Id.* at 15.) Lorenz did not object to these findings. This Court finds no clear error in Judge Lynch's analysis on these points.

## II. Medical Opinions

In her motion for summary judgment, Lorenz argued that the ALJ did not support his residual functional capacity determination with substantial evidence. She contended that the ALJ improperly discounted the opinion of treating orthopedist Dr. Blasingame in favor of an opinion from one-time consultative examiner Dr. Singer. (Doc. 17 at 18.) Judge Lynch found that the ALJ had appropriately weighed the medical evidence, including the opinions provided by Dr. Blasingame and Dr. Singer, in assessing Lorenz's residual functional capacity. (Doc. 22 at 11.) Lorenz now objects to Judge Lynch's finding that the ALJ properly discounted Dr. Blasingame's opinion. (Doc. 25.)

3

A treating physician's opinion is entitled to greater weight than that of an examining physician on the basis that he has a "greater opportunity to observe and know the patient." *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). An examining physician's opinion in turn "carries more weight than a reviewing physician's." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001). The weight given a treating or examining physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. 20 C.F.R. § 404.1527(d)(2).

"The ALJ may disregard a treating physician's opinion whether or not that opinion is contradicted." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). If a treating physician's opinion is contradicted, the ALJ must provide "'specific and legitimate reasons' supported by substantial evidence in the record" to discount the opinion. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (quoting *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995)). The ALJ may accomplish this by setting forth "a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes*, 881 F.2d at 751. Similar standards apply to the ALJ's evaluation of an examining physician's opinion. *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006).

In assessing the medical evidence on whether medical improvement had occurred, the ALJ gave little weight to Dr. Blasingame's opinion, for the primary reason that it was not consistent with his own treatment notes, and the ALJ gave greater weight to the opinion of Dr. Singer. (Tr. 31.) The ALJ found that although Dr. Blasingame was Lorenz's treating physician with whom she had a longitudinal history, the doctor's opinion in 2012 that she medically equals listings 1.02 and 1.03 was inconsistent with his own earlier findings in 2010 that Lorenz continued to make gains and would eventually be able to return to work with some restrictions. (*Id.*) As a result, the ALJ gave greater weight to the opinion of Dr. Singer, as his opinion was supported by the record as a whole and was consistent with his examination of Lorenz. (*Id.*)

Lorenz argues that Dr. Blasingame's later treatment notes do not support Judge Lynch's finding that the ALJ properly discounted Dr. Blasingame's opinion. (Doc. 25 at 4–5.) She argues that Dr. Blasingame's 2012 opinion in fact supports his 2010 opinion because her condition worsened over time. (*Id.*) However, the ALJ found that, by looking at the record as a whole, medical improvement occurred that related to her ability to work. (Tr. 20.) The ALJ gave weight to Dr. Singer's opinion where he noted that with "conservative treatment, . . . coupled with psychological evaluation and treatment, pain management would be

sufficient to allow her to return to some work." (Tr. 30.) The ALJ gave weight to Dr. Trontel's opinion because he states that she has "improved to a significant degree" and found it appropriate to discontinue her regular appointments. (Tr. 384.) The ALJ also found that Lorenz's report that she performs a variety of household chores, goes grocery shopping, makes jewelry, goes to lunch with her daughter, and attends church was supportive of the conclusion that medical improvement had occurred despite her multiple complaints of not being able to walk/stand. (Tr. 31.) Thus, even if Dr. Blasingame's 2012 opinion was consistent with his 2010 opinion, it is nevertheless inconsistent with the record as a whole. Moreover, the ALJ's adverse credibility determination further supports the conclusion that Lorenz's condition improved despite her complaints.

Lorenz also insists Dr. Singer's report is factually erroneous as it fails to discuss the objective findings from x-rays that were performed weeks prior to his examination. She argues that the ALJ's reasoning in giving greater weight to the opinion of Dr. Singer is therefore not supported by his examination and the record as a whole. (Doc. 25 at 6.) It is not for this Court to decide whether the objective medical or other evidence should have been weighed differently but to decide whether the ALJ's assessment of that evidence was reasonable. *Richardson v. Perales*, 402 U.S. 389, 399, 401 (1971); *Tommasetti v. Astrue*, 533 F.3d 1035,

1038 (9th Cir. 2008). Dr. Krieg, in his objective findings from the x-rays, diagnosed Lorenz with subchondral sclerosis, which was a result of her fracture dislocation in 2009 and was a contributing factor to her sacroiliac ("SI") joint pain. (Tr. 454–55.) Dr. Krieg recommended a CT guided injection of the SI joint, and if it confirmed that this is the source of her discomfort, he would be more inclined to recommend an SI fusion. (Tr. 455.) Even though Dr. Singer did not discuss the x-rays, he noted that SI fusion may be helpful for Lorenz in the future while acknowledging that this may not be a successful procedure in relieving her pain. (Tr. 30.) Without having explicitly discussed the objective findings of the x-rays, Dr. Singer took Lorenz's SI joint pain into consideration when making his determination that she would be able to return to work. The ALJ's reasoning in giving greater weight to Dr. Singer's opinion was therefore reasonable.

Lorenz also argues that the ALJ's findings in support of Dr. Singer's opinion regarding the two SI injections were not supported by substantial evidence. (Doc. 25 at 7.) In his decision, the ALJ states that "Dr. Singer also noted that the excellent relief reported and documented from her two SI injections suggests that the SI fusion may be helpful in the future, but there is no guarantee that her pain would be successfully relieved with this procedure." (Tr. 30.) The ALJ did not solely rely on this part of Dr. Singer's opinion when giving legitimate

reasons for his finding, and it is evident from his decision that he took various other findings by Dr. Singer into consideration. The ALJ considered Dr. Singer's remark that returning to work "would be therapeutic for the claimant" and his belief that while "she had some restrictions, they were temporary." *Id.* The ALJ also relied on Dr. Singer's anticipation that with "conservative treatment, . . . coupled with psychological evaluation and treatment, pain management would be sufficient to allow her to return to some work." *Id.* It was on these remarks as a whole that the ALJ based his findings, which were therefore supported by substantial evidence.

Finally, Lorenz argues that Dr. Blasingame is a treating physician and that he was by far in the best position to render an opinion as to her functional limitations and that his opinion should not have been trumped by a one-time consultative examiner. This argument falls short as it has been well established that the ALJ is entitled to give greater weight to that of an examining physician if the opinion is supported by sufficient medical data and is consistent with other evidence in the record. 20 C.F.R. § 404.1527(d)(2). To discount the controverted opinion of a treating physician, the ALJ must provide "specific and legitimate reasons supported by substantial evidence in the record." *Reddick*, 157 F.3d at 725 (internal quotation marks omitted). Here, the ALJ provided specific and

legitimate reasons in discrediting Dr. Blasingame's opinion, which was supported by substantial evidence and the record as a whole.

Accordingly, IT IS ORDERED that the Findings and Recommendations (Doc. 22) are ADOPTED IN FULL.

IT IS FURTHER ORDERED that Plantiff's Motion for Summary Judgment (Doc. 16) is DENIED and that the Commissioner's decision is AFFIRMED.

Dated this 7 day of May, 2015.

Donald W. Molloy, District Judge
United States District Court